UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

DIANA J. BRYAN,

    Plaintiff,

vs.

HOOTERS OF BAYSIDE, INC., a Florida corporation,

    Defendant.

_____/

Case Number: 98 - 2901

Magistrate Judge:

CIV - UNGARO - BENAGES

MAGISTRATE JUDGE
DUBÉ

**Complaint**

Plaintiff, Diana J. Bryan, sues defendant, Hooters of Bayside, Inc., a Florida corporation, and alleges:

### Introduction

1. This is a sexual harassment/retaliation suit brought by Diana Bryan, a former server at Hooters of Bayside, Inc. ("Hooters) Miami. Hooters management, **One**, subjected Bryan to unwelcome sexual advances and crude and demeaning treatment from both managers and customers, which treatment was often linked to tangible job benefits; **Two**, retaliated against her for complaining about and documenting the harassment and working conditions; and, **Three**, told her to be quiet and then fired when she attempted to discuss at a store meeting such matters such as unwelcome sexual advances and the granting of tangible job benefits to those who succumbed to them (which she was told could be addressed at the meeting). She sues pursuant to Title VII of the Civil Rights of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000e, et seq., and the Florida Civil Rights Act of 1992, Chapter 760, Florida Statutes, for sexual discrimination and retaliation.

Amlong & Amlong, P.A.

500 NORTHEAST FOURTH STREET • FORT LAUDERDALE, FL 33301-1154 • BROWARD (954)462-1983 • DADE (305)949-0740 • FAX (954)523-3192



25 DOC
November 24, 1998

She seeks compensatory and punitive damages, equitable relief, litigation expenses and a reasonable attorneys' fee.

## Jurisdiction

2.  This action arises under Title VII of the Civil Rights of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. §§ 2000e, *et seq.*, Jurisdiction is founded on 42 U.S.C. §§ 2000e-5(f)(3) and 28 U.S.C. § 1331. The Court has jurisdiction to grant declaratory and further relief pursuant to 28 U.S.C. §§ 2201 and 2202. The Court has jurisdiction to

3.  Venue is proper in the Miami Division of the Southern District of Florida pursuant to 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. § 1391(b), as well as Local Rule 3.1(F), because the claim arose there.

## Parties

4.  Plaintiff, Diana Bryan ("Bryan" or "plaintiff"), at all times material was employed by Hooters of Bayside, Inc. ("Hooters"), a Florida corporation. Bryan was at all times material qualified for her job as server. Bryan is a member of two groups protected by Title VII and Chapter 760, Florida Statutes, i.e.:

    a.  she is a woman; and

    b.  she opposed actions that she reasonably believed constituted sexual discrimination.

Amlong & Amlong, P.A.

500 NORTHEAST FOURTH STREET • FORT LAUDERDALE, FL 33301-1154 • BROWARD (954)462-1983 • DADE (305)949-0740 • FAX (954)523-3192

2

25.DOC
November 24, 1998

5.  Hooters of Bayside, Inc., is and was, at all times material, Florida Corporation, and involved in commerce and employing 15 or more persons, and, as such, an "employer" as envisioned by 42 U.S.C. § 2000e(b) and § 760.07, Fla. Stat.

### **Compliance With Procedural Requirements**

6.  Bryan on or about May 22, 1998, filed Charges of Discrimination with both the Equal Employment Opportunity Commission (EEOC) and the Florida Commission on Human Relations (FCHR), each alleging sex discrimination and retaliation as follow:

> I was employed as a server at a Hooters restaurant at which I, and the other women who work there, were subjected to unwelcome sexual advances and crude and demeaning treatment, both by the management and by customers. Tolerance of and submission to these unwanted sexual advances and the demeaning treatment often were linked to such tangible job benefits as being assigned to better shifts and more lucrative stations. I was removed from my assignment as an outside bar tender — probably the most lucrative assignment in the restaurant because of the large tips a bartender gets — because, one of my managers explained, I "didn't appreciate" the job. Members of management frequently date servers and/or ask them to accompany management and/or owners to bars, on ski trips, on cruises, trips to Disney World and the like — and reward those who do so with better shift assignments. Company paraphernalia — e.g., t-shirts, a calendar, and most recently, a comic book — demean women. After I complained in a letter to the owners, one of them, Terry Brawner, asked me if I were "burnt out" on Hooters. Although the manager who harassed me the most was transferred, he was replaced by his two roommates and I was retaliated against. One evening, for example, one manager refused to intervene when I was having problems with a drunken male customer at my bar who kept calling me a "stupid fucking bitch." I also got assigned bad shifts. Finally, after I attempted to complain during a general meeting May 9 about the favoritism in shifts to women who dated managers and about customers who make unwelcome sexual advances to the servers but was told to be quiet, Terry Brawner fired me, telling me that I was being disruptive through my complaints.

Bryan adopts those allegations as if fully set forth in this Complaint.

7.  The EEOC issued Bryan a Notice of Right to Sue dated August 26, 1998.

Amlong & Amlong, P.A.

500 NORTHEAST FOURTH STREET • FORT LAUDERDALE, FL 33301-1154 • BROWARD (954)462-1983 • DADE (305)949-0740 • FAX (954)523-3192

3

25.DOC
November 24, 1998

8. The FCHR deferred its handling of the case to the EEOC without either conciliating it or making a finding adverse to Bryan. More than 180 days have passed from when Bryan filed the charge with the FCHR, thereby entitling Bryan to bring suit.

## General Allegations

9. The unwelcome sexual advances and crude and demeaning treatment personally experienced by Bryan, as well as the sexually laden atmosphere (management employees frequently date servers and/or ask them to join managers and/or owners at bars, on ski trips, on cruises, on trips to Disney World and the like) were based on Bryant's sex, were objectively offensive, were severe and pervasive enough to alter the terms and conditions of Bryan's employment, and were perceived by Bryan as being such.

10. Hooters and its agents retaliated against Bryant for opposing what she reasonably believed to be an unlawful employment practice under Title VII and the Florida Civil Rights Act of 1992, including but not limited to firing her.

11. As a direct, natural and proximate result of the actions of Hooters and its agents, Bryan has suffered past and future pecuniary losses, emotional pain, suffering, inconvenience, loss of dignity, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

12. The actions of Hooters and its agents toward Bryan evidence such wantonness, actual malice, deliberation, gross negligence, and/or utter disregard of Bryan's statutory rights as to entitle her to an award of exemplary damages against Hooters to punish it and to teach it, and others like it, not to engage in similar actions in the future.

Amlong & Amlong, P.A.

500 NORTHEAST FOURTH STREET • FORT LAUDERDALE, FL 33301-1154 • BROWARD (954)462-1983 • DADE (305)949-0740 • FAX (954)523-3192

4

25.DOC
November 24, 1998

13. Bryan has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein, and this action for permanent injunction and other relief is her only means of securing adequate relief. Bryan is suffering and will continue to suffer irreparable injury from the acts of Bryan.

### Count I/Title VII Sexual Harassment Claim

14. Plaintiff Diana Bryan readopts and realleges, as if fully set forth in Count I, the allegations of ¶¶ 1, 2, 3, 4(a), 5, 6, 7, 9, 11, 12 and 13.

15. The conduct of Hooters, through that of its agents and/or employees, violated Bryan's federal statutory rights against hostile-environment sex discrimination under Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, codified at 42 U.S.C. § 2000e-2(a).

### Count II/Title VII/Retaliation

16. Bryan realleges and adopts, as if fully set forth in Count II, all of the allegations in ¶¶ 1, 2, 3, 4(b), 5, 6, 7, 9, 10, 11, 12 and 13..

17. The acts more particularly alleged above violated Bryan's rights against retaliation for opposing acts made unlawful by Title VII, which retaliation is proscribed by § 704(a) of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, codified at 42 U.S.C. § 2000e-3(a).

### Count III/Florida Civil Rights Act of 1992/Sexual Harassment

18. Bryan realleges and adopts, as if fully set forth in Count III, all of the allegations in ¶¶ 1, 2, 3, 4(a), 5, 6, 8, 9, 11, 12 and 13.

Amlong & Amlong, P.A.

500 NORTHEAST FOURTH STREET • FORT LAUDERDALE, FL 33301-1154 • BROWARD (954)462-1983 • DADE (305)949-0740 • FAX (954)523-3192

5

25 DOC
November 24, 1998

19. The acts more particularly alleged above violated Bryan's rights against hostile-environment sex discrimination, which discrimination is proscribed by § 760.10(1), Fla. Stat. (1993).

### Count IV/Florida Civil Rights Act of 1992/Retaliation

20. Bryan realleges and adopts, as if fully set forth in Count IV, all of the allegations in ¶¶ 1, 2, 3, 4(b), 5, 6, 7, 9, 10, 11, 12 and 13.

21. The acts more particularly alleged above violated Bryan's rights against retaliation for opposing acts made unlawful employment practices by Chapter 760, which retaliation is proscribed by § 760.10(7), Fla. Stat. (1993).

### Prayer for Relief

WHEREFORE, plaintiff, Diana J. Bryan, prays that this Court will:

A. Issue a declaratory judgment that the practices of defendant, Hooters of Bayside, Inc., toward Bryan were violative of Bryan's rights under the Title VII of the Civil Rights Act of 1964, as amended, and Chapter 760, Florida Statutes.

B. Enjoin defendant, Hooters of Bayside, Inc., from violating the rights of its employees under Title VII of the Civil Rights Act of 1964, as amended, and Chapter 760, Florida Statutes.

C. Grant Bryan judgment against defendant, Hooters of Bayside, Inc., for damages, including punitive damages;

D. Grant Bryan her costs, litigation expenses and a reasonable award of attorney's fees pursuant to 42 U.S.C. § 2000e-5(k) and Section 760.11(5), Florida Statutes.

Amlong & Amlong, P.A.

500 NORTHEAST FOURTH STREET • FORT LAUDERDALE, FL 33301-1154 • BROWARD (954)462-1983 • DADE (305)949-0740 • FAX (954)523-3192

6

25 DOC
November 24, 1998

    E.    Provide any other relief that is appropriate.

## Demand for Jury Trial

Plaintiff demands trial by jury on all issues so triable.

Respectfully Submitted,

_____
WILLIAM R. AMLONG
Florida Bar No.: 470228

_____
KAREN COOLMAN AMLONG
Florida Bar No.: 275565

_____
JENNIFER DALEY
Florida Bar No.: 0856436
Amlong & Amlong, P.A.
Attorneys for Plaintiff
500 Northeast Fourth Street
Fort Lauderdale, FL 33301-1154
(954)462-1983

Dated: November 24, 1998

Amlong & Amlong, P.A.

500 NORTHEAST FOURTH STREET • FORT LAUDERDALE, FL 33301-1154 • BROWARD (954)462-1983 • DADE (305)949-0740 • FAX (954)523-3192

7

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**98-2901 CIV-UNGARO-BENAGES**

**I (a) PLAINTIFFS**

DIANA J. BRYAN

**DEFENDANTS**

HOOTERS OF BAYSIDE, INC., a Florida Corporation

**MAGISTRATE JUDGE DUBÉ**

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** Broward
(EXCEPT IN U.S. PLAINTIFF CASES)

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT** Dade
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

1:A:98CV2901-UUB/DUBE

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
Amlong & Amlong, P.A.
500 Northeast 4th Street, Second Floor
Fort Lauderdale, Florida 33301

**ATTORNEYS (IF KNOWN)** Susan Eisenberg, Esquire
Akerman, Senterfitt & Eidson, P.A.
Centrust International Center/1 S.E. 3rd Avenue
28th FL, Miami, FL 33131

**(d) CIRCLE COUNTY WHERE ACTION AROSE:**
DADE, MONROE, BROWARD, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

**II. BASIS OF JURISDICTION** (PLACE AN X ONE BOX ONLY)
- [ ] 1 U.S. Government Plaintiff
- [X] 3. Federal Question (U.S. Government Not a Party)
- [ ] 2. U.S. Government Defendant
- [ ] 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (For Diversity Case Only)
(PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Title VII of the Civil Rights of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. Section 2000e, et seq., and the Florida Civil Rights Act of 1992, Chapter 760, Florida Statutes.

**IVa.** 3 - 5 days estimated (for both sides) to try entire case

**V. NATURE OF SUIT** (PLACE AN X IN ONE BOX ONLY)

| A CONTACT | A TORTS | B FORFEITURE PENALTY | A BANKRUPTCY | A OTHER STATUS |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 States Reappointment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 362 Personal Injury-Med Malpractice | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury-Product Liability | ☐ 630 Liquor Laws | **A PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. B |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) B | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits B | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending B | ☐ 690 Other | **B SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholder's Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **A LABOR** | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12USC3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor Management Relations B | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** | **B PRISONER PETITIONS** | ☐ 730 Labor Management Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure B | [X] 442 Employment | Habeas Corpus | ☐ 790 Other Labor Litigation | **A FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ 791 Employee Ret. Inc. Security Act B | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS-Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other * | | | ☐ 890 Other Statutory Actions * |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights * A or B | | | * A or B |

**VI. ORIGIN** (PLACE AN X IN ONE BOX ONLY)
- [X] 1. Original Proceeding
- [ ] 2. Removed From State Court
- [ ] 3. Remanded from Appellate Court
- [ ] 4. Refiled
- [ ] 5. Transferred from another district (Specify)
- [ ] 6. Multidistrict Litigation
- [ ] 7. Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT**
CHECK IF THIS IS A ☐ CLASS ACTION UNDER F.R.C.P. 23
**DEMAND $**
Check YES only if demanded in complaint: [X] YES
**JURY DEMAND:** NO

**VIII. RELATED CASE(S) IF ANY** (See Instructions):
JUDGE _____   DOCKET NUMBER _____

**DATE** 11/24/98

**SIGNATURE OF ATTORNEY OF RECORD**
Jennifer Daley

William R. Amlong, Esquire
Jennifer Daley, Esquire

UNITED STATES DISTRICT COURT
S/F 1-2
REV 9/94

FOR OFFICE USE ONLY: Receipt No. 715076
Date Paid: 11-24-98
Amount: 150
M/ifp: _____